## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VERNA SPOTTED WOOD,
        Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
        Agency.

DOCKET NUMBER
DE-0351-18-0378-I-1

DATE:  March 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Verna Spotted Wood, Sergeant Bluff, Iowa, pro se.

Carol Liang, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective July 27, 2018, the agency separated the appellant from service due to a reduction in force (RIF). Initial Appeal File (IAF), Tab 1 at 6. On August 6, 2018, the appellant filed a Board appeal challenging her separation and she requested a hearing. *Id.* at 2. On her Board appeal form, the appellant alleged that the agency committed a prohibited personnel practice (PPP) by its "refusal to compete for openings." *Id.* at 3.

The administrative judge issued an order directing the appellant to identify which aspects of the RIF she was challenging and what PPP the agency allegedly committed. IAF, Tab 4. The appellant did not respond. The administrative judge then issued an order informing the appellant that, if she wanted to withdraw her appeal, she should file a submission clearly stating so as soon as possible. IAF, Tab 11. The administrative judge explained that, if the appellant's withdrawal appeared to be voluntary, he would dismiss her appeal as withdrawn with prejudice. *Id.*

The appellant then filed a submission withdrawing her Board appeal. IAF, Tab 12. The administrative judge found that the appellant's withdrawal was

knowing and voluntary, and he issued an initial decision dated August 24, 2018, that dismissed the appeal as withdrawn. IAF, Tab 13, Initial Decision (ID).

In her timely petition for review, the appellant asserts that she has evidence pertaining to her PPP claim that was not available during the proceedings below. Petition for Review (PFR) File, Tab 1 at 3-4. With her petition, the appellant submits an August 31, 2018 letter from the Office of Special Counsel (OSC) notifying her of its decision to terminate its inquiry into her complaint[2] alleging that agency officials discriminated against her based on her age in conducting the RIF. *Id.* at 6-7. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

The administrative judge properly dismissed the appeal as withdrawn.

An appellant's withdrawal of an appeal is an act of finality that has the effect of removing the matter from the Board's jurisdiction. *Lincoln v. U.S. Postal Service,* 113 M.S.P.R. 486, ¶ 7 (2010). A voluntary withdrawal must be clear, decisive, and unequivocal. *Id.* The appellant made such a withdrawal, explicitly stating in writing her intent to withdraw her appeal. IAF, Tab 12. We therefore find that the administrative judge did not err in dismissing the appeal as withdrawn. *Lincoln,* 113 M.S.P.R. 486, ¶¶ 7-8.

The appellant has not shown unusual circumstances warranting the reinstatement of her appeal.

Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Lincoln,* 113 M.S.P.R. 486, ¶ 9. The appellant has not alleged that she withdrew her appeal based on misinformation. *See generally* PFR File, Tab 1.

The evidence the appellant submits with her petition for review, OSC's August 31, 2018 closeout letter, PFR File, Tab 1 at 6-7, is new because it was

---

[2] In her petition for review, the appellant indicates that she filed her OSC complaint while her appeal was pending before the administrative judge. PFR File, Tab 1 at 3.

unavailable before the record closed below. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). It is not material, however, because the appellant has made no showing that OSC's decision to terminate its inquiry into her age discrimination claim would warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Although the appellant could have raised her age discrimination claim as an affirmative defense in an otherwise appealable action appeal, she chose to withdraw that appeal and pursue her discrimination claim with OSC instead. OSC's decision to terminate its inquiry into that claim has no bearing on the voluntariness of her withdrawal. Therefore, the circumstances in this appeal do not provide a basis on which to reinstate the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

_____

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

_____

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.